UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEMARENE COLEMAN,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN NAJERA, et al.,<br><br>　　　　　　　　Respondents. | Case No. 2:24-cv-00078-RFB-MDC<br><br>**ORDER** |

Pro se Petitioner Demarene Coleman filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), a motion for leave to proceed in forma pauperis, and a motion for the appointment of counsel. ECF No. 1, 1-1, 1-2. The Court ordered Coleman to file his missing *in forma pauperis* application documents. ECF No. 3. Coleman timely complied. ECF No. 4. This matter now comes before the Court on initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court instructs Coleman to show cause why his Petition should not be dismissed as untimely.

**I.　BACKGROUND**[1]

Coleman challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). State of Nevada v. Demarene Coleman, 05C215295-1. On August 22, 2007, and September 6, 2007, the state court entered a judgment of conviction and amended judgment of conviction, respectively, pursuant to a guilty plea, for first-degree murder and battery with the use of a deadly weapon. Coleman was sentenced to 20 to 50 years for the first-

---

[1] This Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These dockets are found at: https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

degree murder conviction and 4 to 10 years for the battery conviction. It does not appear that Coleman filed a direct appeal.[2]

On August 19, 2008, Coleman filed his first state habeas petition. The state court denied post-conviction relief on February 26, 2009. Coleman did not appeal. See ECF No. 1-1 at 78 n.2. On August 14, 2019, Coleman filed his second state habeas petition. Demarene Coleman v. State of Nevada, A-19-800228-W. The state court denied post-conviction relief on December 9, 2019. Coleman appealed, and the Nevada Court of Appeals affirmed on May 26, 2020. Demarene Coleman v. State of Nevada, 80055-COA. On September 21, 2020, Coleman filed a federal habeas petition, explaining that prison officials had miscalculated his statutory credits for parole eligibility under Nevada law. Coleman v. State of Nevada, 2:20-cv-01754-APG-EJY. This Court dismissed Coleman's federal petition without prejudice because his claims were not cognizable in federal habeas. On January 7, 2022, Coleman filed a motion to modify his sentence and appealed the state court's denial of that motion. The Nevada Court of Appeals affirmed on July 8, 2022. Demarene Coleman v. State of Nevada, 84292-COA. On April 5, 2023, Coleman filed his third state habeas petition. Demarene Coleman v. Warden Najera, A-23-868466-W. The state court denied post-conviction relief on July 25, 2023. Coleman appealed, and the Nevada Court of Appeals affirmed on November 28, 2023. Demarene Coleman v. Gabriela Najera, 86923-COA. And on October 9, 2023, Coleman filed his fourth state habeas petition. Demarene Coleman v. State of Nevada, A-23-879247-W. The state court denied post-conviction relief on January 2, 2024. It appears that Coleman is presently appealing that decision. Demarene Coleman v. State of Nevada, 87992.

**II.    DISCUSSION**

---

[2] Coleman states that he appealed his judgment of conviction and that his appeal was decided on January 29, 2009. ECF No. 1-1 at 1. However, there does not appear to be any appeal docketed on the Nevada appellate courts' website. Moreover, in its order affirming the denial of Coleman's third state habeas petition, the Nevada Court of Appeals stated, "Coleman did not appeal from the judgment of conviction." ECF No. 1-1 at 77 n.1.

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. Nino v. Galaza, 183 F.3d 1003, 1006–07 (9th Cir. 1999); Rasberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, it appears that Coleman's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on October 8, 2007. See Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: October 9, 2007. Coleman filed his first state petition on August 19, 2008, tolling the AEDPA clock. As a result, 315 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 50 days of the AEDPA limitation period were statutorily tolled during the pendency of all proceedings related to his state petition. Tolling ended on February 26, 2009, when the state court denied his first state habeas petition since Coleman did not seek appellate review of that decision. The AEDPA clock restarted the following day: February 27, 2009. Consequently, the AEDPA clock expired 50 days later on April 20, 2009. Coleman's instant Petition was received by this Court on January 9, 2024. Absent another basis for tolling or delayed accrual, Coleman filed his Petition over 14 years after the AEDPA limitation period expired. Although Coleman filed second, third, and fourth state habeas petitions on August 14, 2019, April 5, 2023, and October 9, 2023, respectively, they were filed after the AEDPA clock had already expired. As such, Coleman's second, third, and fourth state petitions could not have tolled an already expired limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

Coleman must show cause why the Petition should not be dismissed with prejudice as time barred. In this regard, Coleman is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing

his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Coleman ultimately has the burden of proof on this "extraordinary exclusion." Miranda, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); accord Bryant v. Ariz. Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007).

Coleman further is informed that, under certain circumstances, the 1-year limitation period may begin running on a later date[3] or may be statutorily tolled. And Coleman is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. See McQuiggin v. Perkins, 569 U.S. 383 (2013); House v. Bell, 547 U.S. 518 (2006); Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means

---

[3] 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> - (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> - (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> - (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (ECF No. 1) is granted.

**IT IS FURTHER ORDERED** that Petitioner Demarene Coleman show cause within 60 days of the date of this order why this action should not be dismissed as untimely. If Coleman does not timely respond to this order or if Coleman responds but fails to show with specific, detailed, and competent evidence why the Petition should not be dismissed as untimely, the action will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that all assertions of fact made by Coleman in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. Coleman must attach copies of all materials upon which he bases his argument that the Petition should not be dismissed as untimely.

DATED: May 14, 2024.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE