UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEMARENE COLEMAN, | Case No. 2:24-cv-00078-RFB-MDC |
| Petitioner, | **DISMISSAL ORDER** |
| v. | |
| WARDEN NAJERA, *et al.*, | |
| Respondents. | |

*Pro se* Petitioner Demarene Coleman filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). ECF No. 1-1. After conducting an initial review of the Petition, this Court instructed Coleman to show cause why his Petition should not be dismissed as untimely. ECF No. 5. Coleman timely responded. ECF No. 6. For the reasons discussed below, this Court dismisses the Petition and instructs the Clerk of Court to close this case.

**I.   BACKGROUND**[1]

Coleman challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). State of Nevada v. Demarene Coleman, 05C215295-1. On August 22, 2007, and September 6, 2007, the state court entered a judgment of conviction and amended judgment of conviction, respectively, pursuant to a guilty plea, for first-degree murder and battery with the use of a deadly weapon. Coleman was sentenced to 20 to 50 years for the first-degree murder conviction and 4 to 10 years for the battery conviction. Coleman did not file a direct appeal.

---

[1] This Court repeats this section of its Order to Show Cause (ECF No. 5) for clarity purposes.

On August 19, 2008, Coleman filed his first state habeas petition. The state court denied post-conviction relief on February 26, 2009. Coleman did not appeal. See ECF No. 1-1 at 78 n.2. On August 14, 2019, Coleman filed his second state habeas petition. <u>Demarene Coleman v. State of Nevada</u>, A-19-800228-W. The state court denied post-conviction relief on December 9, 2019. Coleman appealed, and the Nevada Court of Appeals affirmed on May 26, 2020. <u>Demarene Coleman v. State of Nevada</u>, 80055-COA. On September 21, 2020, Coleman filed a federal habeas petition, explaining that prison officials had miscalculated his statutory credits for parole eligibility under Nevada law. <u>Coleman v. State of Nevada</u>, 2:20-cv-01754-APG-EJY. This Court dismissed Coleman's federal petition without prejudice because his claims were not cognizable in federal habeas. On January 7, 2022, Coleman filed a motion to modify his sentence and appealed the state court's denial of that motion. The Nevada Court of Appeals affirmed on July 8, 2022. <u>Demarene Coleman v. State of Nevada</u>, 84292-COA. On April 5, 2023, Coleman filed his third state habeas petition. <u>Demarene Coleman v. Warden Najera</u>, A-23-868466-W. The state court denied post-conviction relief on July 25, 2023. Coleman appealed, and the Nevada Court of Appeals affirmed on November 28, 2023. <u>Demarene Coleman v. Gabriela Najera</u>, 86923-COA. And on October 9, 2023, Coleman filed his fourth state habeas petition. <u>Demarene Coleman v. State of Nevada</u>, A-23-879247-W. The state court denied post-conviction relief on January 2, 2024.

## II.     TIMELINESS STANDARD

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such

review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. Nino v. Galaza, 183 F.3d 1003, 1006–07 (9th Cir. 1999); Rasberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

**III.   DISCUSSION**

Coleman's conviction became final when the time expired for filing a direct appeal to the Nevada appellate courts on October 8, 2007. See Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: October 9, 2007. Coleman filed his first state petition on August 19, 2008, tolling the AEDPA clock. As a result, 315 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 50 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to his state petition. Tolling ended on February 26, 2009, when the state court denied his first state habeas petition since Coleman did not seek appellate review of

that decision. The AEDPA clock restarted the following day: February 27, 2009. Consequently, the AEDPA clock expired 50 days later on April 20, 2009. Coleman's instant Petition was received by this Court on January 9, 2024. Absent another basis for tolling or delayed accrual, Coleman filed his Petition over 14 years after the AEDPA limitation period expired.[2]

This Court instructed Coleman to show cause why his Petition should not be dismissed as untimely. ECF No. 5. Coleman was warned that if he "fail[ed] to show with specific, detailed, and competent evidence why the Petition should not be dismissed as untimely, the action will be dismissed with prejudice." Id. at 6. On May 24, 2024, Coleman filed a response, explaining that he can show cause and prejudice to overcome any procedurally defaulted claims. ECF No. 6. However, this Court did not order Coleman to show cause why this action should not be dismissed as procedurally defaulted, so Coleman's response is nonresponsive. Accordingly, because Coleman (1) did not appropriately respond to the Order to Show Cause, (2) has not shown that his Petition is not untimely, (3) has not shown that he is entitled to any tolling, and (4) does not seek to avoid application of the limitations period based upon a claim of actual innocence, this Court dismisses the Petition with prejudice. In light of this dismissal, the motion for appointment of counsel is denied.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Petition is dismissed with prejudice as untimely. A certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

---

[2] Although Coleman filed second, third, and fourth state habeas petitions on August 14, 2019, April 5, 2023, and October 9, 2023, respectively, they were filed after the AEDPA clock had already expired. As such, Coleman's second, third, and fourth state petitions could not have tolled an already expired limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

4

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (ECF No. 1-2) is denied.

**IT IS FURTHER ORDERED** that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents,[3] (3) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's office, (4) enter final judgment, and (5) close this case.

**DATED:** March 11, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT COURT**

---

[3] No response is required from Respondents other than to respond to any orders of a reviewing court.